**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **TOMMY LEMONT WRAY # 453960,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **NO. 1:26-CV-00045** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **BILLY LAMB,** ***Sheriff*****,** | ) | **MAGISTRATE JUDGE HOLMES** |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Tommy Lemont Wray, an inmate of the Marshall County Jail in Lewisburg, Tennessee, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Petitioner paid the filing fee. (Doc. No. 1-1).

Respondent has filed a Motion to Dismiss the petition (Doc. No. 8), asserting that Plaintiff has not exhausted his state-court remedies and still has the ability to do so. Plaintiff has filed a response in opposition. (Doc. No. 10).

## I. PROCEDURAL HISTORY

On April 23, 2025, Petitioner was indicted by the Marshall County Grand Jury in Case No. 25CR56 for one count of selling .5 grams or more of cocaine and one count of delivering .5 grams or more of cocaine, a Schedule II controlled substance, in violation of Tennessee Code Annotated § 39-17-417. (Doc. No. 7-1 at PageID 35). On July 11, 2025, Petitioner submitted a "Petition to Enter Plea of Guilty" to the trial court, which the court granted by order on the same day. (*Id.* at PageID 54-56). The guilty plea submitted to the trial court provided that Petitioner would plead guilty to an amended charge of conspiracy to sell cocaine with a six-year sentence, suspended to

split confinement of one year in confinement and six years on probation. (*Id.*) On January 20, 2026, a probation violation warrant was executed against Petitioner. (*Id.* at PageID 57-58).

On April 16, 2026,[1] Petitioner filed the instant a pro se petition for writ of habeas corpus under 28 U.S.C § 2254 (Doc. No. 1 at PageID 16) challenging his judgment of conviction in Case No. 25 CR56. On May 8, 2026, the Court ordered Respondent to respond to the petition. (Doc. No. 5). Respondent filed a Motion to Dismiss the petition (Doc. No. 8), which is now pending before the Court. Respondent asserts that Petitioner has not exhausted his state-court remedies and the petition should be dismissed.

## II. ANALYSIS

The law is well established that a petition for federal habeas corpus relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. *Irick v. Bell*, 565 F.3d 315, 323 (6th Cir. 2009). This exhaustion requirement springs from consideration of comity between the states and the federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971). Exhaustion means that, as a condition precedent to seeking federal relief, a petitioner's claims must have been fairly presented to the state courts. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refuses to consider them. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990).

---

[1] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Pursuant to this authority, the Court finds that Petitioner filed his petition on April 16, 2026, the date he signed the petition (Doc. No. 1 at at PageID 16), even though the Clerk of Court received and docketed the petition on April 28, 2026.

In his instant petition, Petitioner brings the following claims: (1) ineffective assistance of counsel; (2) "conflict of interest"; and (3) "procedural default." (Doc. No. 1 at PageID 5). It does not appear that Petitioner has fully and fairly presented these claims to the Tennessee courts prior to filing this action. Petitioner states that he did not appeal his conviction (*see* Doc. No. 1 at PageID 2), and Respondent represents that a search of Tennessee's online "Appellate Case Search" yields no results for any type of appeal involving Petitioner pertaining to the challenged conviction outlined in his petition. (*See* Doc. No. 9 at PageID 3 & n.4). Notably, Petitioner states that he "is still waiting on post-conviction hearing results." (Doc. No. 1 at PageID 13).[2]

Where a habeas corpus petitioner fails to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. *Rose*, 455 U.S. at 522; *see also Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("District courts have a 'duty to screen out [habeas petitions] which should be dismissed,'" including "for lack of exhaustion" of state-court remedies)). It is Petitioner's burden to show that his state court remedies have been exhausted. *Jeremy Dalton v. Demetrius Godfrey*, No. 2:26-cv-00011, 2026 WL 1105990, at *2 (M.D. Tenn. Apr. 23, 2026). Petitioner has not satisfied that burden. *See* 28 U.S.C. § 2254(b)(1); *Jones v. Bosh,* No. 1:25-cv-01149, 2025 WL 2145701, at *1 (W.D. Tenn. July 29, 2025) (dismissing habeas corpus petition filed under Section 2254 without prejudice due to lack of exhaustion and denying stay for lack of good cause). Further review of his federal petition is therefore precluded at this time.

---

[2] Additionally, the record received from the Marshall County Circuit Court Clerk in Case No. 25CR56 contains indications that Petitioner is pursuing post-conviction remedies. Petitioner's prior counsel filed a motion to withdraw on February 23, 2026. In that motion, prior counsel stated: "The defendant has filed a Post Conviction Relief action in General Sessions Court in Marshall County against the Public Defender's Office." (Doc. No. 7-1 at PageID 66).

Neither is a stay not warranted in this instance. "[S]tay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). This is because "[s]tay and abeyance, if employed too frequently, has the potential to undermine" the purpose of AEDPA in reducing delays and encouraging litigations to first present their claims in state court. *Id.* "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. "Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id*.

Here, no good cause has been shown to justify a stay. Petitioner filed a document titled "Attempt to Sabotage" in this Court on June 1, 2026, but that document alleges that the Marshall County Jail is "trying to sabotage" Plaintiff's "attempts to supply any copies and mailing of 'LEGAL' documents to this great Court." (Doc. No. 6 at PageID 29). Neither that filing nor the petition explain why there was good cause not to first seek relief in state court. Petitioner's response to Respondent's Motion to Dismiss does not address his failure to exhaust state-court remedies. (*See* Doc. No. 10). Plaintiff successfully filed a habeas petition in this Court, thus it would appear that he is capable of (and it appears he is in fact) pursuing state collateral relief.

**IV. CONCLUSION**

The Court finds that the instant petition should be dismissed because Petitioner has failed to exhaust all available state court remedies before filing the petition. Accordingly, Respondent's Motion to Dismiss (Doc. No. 8) is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE** to Petitioner's ability to file another petition under Section 2254 in the future, after he has exhausted his remedies in state court.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because jurists of reason would not disagree with the dismissal of this unexhausted petition without prejudice, the Court **DENIES** a COA. Petitioner may, however, seek a COA directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE